REDMANN, Chief Judge.
On certiorari, we reverse the trial court’s quashing of an indictment for failure to bring to trial “within two years from ... institution of the prosecution,” La.C.Cr.P. 578(2), holding that that two year period of limitation is interrupted by a defendant’s pre-trial and trial time detention by other states. During those times “his presence for trial cannot be obtained by legal process” by Louisiana, C.Cr.P. 579(2).
“[Mjere physical detention ... in a state or federal prison will not alone ... inter *614 rupt prescription” under art. 579(2). State v. Amarena, 426 So.2d 613, 617 (La.1983). But Amarena’s context was post-conviction federal imprisonment during which Amarena’s “presence in Louisiana was easily obtainable,” id. at 617. The controlling statutory words here are that the accused’s “presence for trial cannot be obtained by legal process”: and Amarena reasoned that its accused’s presence was obtainable by Louisiana, during his federal imprisonment after conviction.
The case is the opposite during pre-trial and trial-time detention in another state. No state that is holding an accused for trial, and moreso no state that is in the middle of a trial of the accused, on that state’s own charges, is going to subordinate its criminal process to another state’s and forward its accused to the other state for trial. The holding state will (as Kentucky did as to the present defendant for Mississippi) note on its records a detainer for the other state and, once its own trial is completed and imprisonment begins, will thereafter honor a subpoena ad prosequen-dum or similar process (as the federal prison would have, during more than two years, in Amarena).
Pre-trial and trial-time detention of an accused is more than “mere physical detention,” as Amarena itself shows in its fixing of the date when Louisiana “had within its power the ability to obtain custody of the defendant,” id. at 618. The Louisiana supreme court did not fix that date at May 4, 1979, when Jefferson parish officials learned Amarena was being held in California, but at February 1980, when Jefferson learned from California’s return of extradition papers that Amarena was in a federal prison after a conviction (not awaiting trial) and therefore available to Jefferson from the federal prison.
In the case now before us, the dates specified in the state’s trial memorandum and appellate brief, not disputed by the defendant, show that no two-year period after institution of prosecution occurred during which defendant’s “presence for trial [could have been] obtained by legal process,” art. 579(2).
Prosecution was instituted in Louisiana on September 23, 1981 for an armed robbery of September 9. Defendant’s involvement with other states arose from prosecutions for burglaries September 8 in Mississippi and September 5 in Kentucky.
Defendant was arrested in New Mexico on September 12 and sentenced to 15 days there for possession of marijuana. He there confessed to the Kentucky burglary of September 5 and waived extradition to Kentucky and there pled guilty March 30, 1982. Perhaps after March 30 (and surely after his April 23 transfer to the Kentucky reformatory), defendant’s presence for trial in Louisiana could have been obtained. Arguably his presence continued to be obtainable from Kentucky, despite a previous de-tainer from Mississippi, until defendant’s parole by Kentucky to Mississippi on December 12, 1983 for trial there for the burglary of September 8, 1981. But after December 12, defendant’s presence for trial in Louisiana again could not “be obtained by legal process” while Mississippi was holding him for trial, and therefore, under art. 579(2), there was an interruption of art. 278(2)’s two-year period, starting the two-year period to run anew. Not until Mississippi nol prossed its charge on April 3, 1984, was defendant’s presence again obtainable by Louisiana.
Because no two-year period as required by C.Cr.P. 578(2), uninterrupted by art. 579(2), occurred during which Louisiana could have brought defendant to trial, the quashing of the indictment under art. 578(2) was error.
Reversed.